1  Gene J. Stonebarger, State Bar No. 209461
   Richard D. Lambert, State Bar No. 251148
2  STONEBARGER LAW
   A Professional Corporation
3  75 Iron Point Circle, Suite 145
   Folsom, CA 95630
4  Telephone (916) 235-7140
   Facsimile (916) 235-7141
5
   Thomas A. Kearney, State Bar No. 90045
6  Prescott W. Littlefield, State Bar No. 259049
   KEARNEY LITTLEFIELD, LLP
7  633 West Fifth Street, 28th Floor
   Los Angeles, CA 90071
8  Telephone (213) 473-1900
   Facsimile (213) 473-1919
9

10 Attorneys for Plaintiffs ROSE FEAVER,
   ARTIN ADAMIAN, AND MYUNGSUN SHIM
11 and the Class

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

15 ROSE FEAVER, an individual, ARTIN          )  CASE NO.:
   ADAMIAN, an individual, and MYUNGSHUN )
16 SHIM, an individual, individually, and on     )  **COLLECTIVE AND CLASS ACTION**
   behalf of all others similarly situated,      )
17                                               )  **COMPLAINT FOR DAMAGES AND
                        Plaintiffs,              )  INJUNCTIVE RELIEF FOR:**
18                                               )
              v.                                 )  1) **Violations of the Fair Labor Standards
19                                               )     Act**
                                                 )
20                                               )  2) **Failure to Pay Overtime
   KAISER FOUNDATION HEALTH PLAN,                )     Compensation;**
21 INC., KAISER FOUNDATION HOSPITALS,           )
   and Does 1 through 50, Inclusive             )  3) **Failure to Furnish Timely and
22                                               )     Accurate Wage Statements;**
                        Defendants.             )
23                                               )  4) **Failure to Pay Final Wages;**
                                                 )
                                                 )  5) **Waiting Time Penalties; and**
24                                               )
                                                 )  6) **Unlawful and Unfair Business Acts
25                                               )     and Practices in Violation of
                                                 )     California Business & Professions
26                                               )     Code § 17200,** *et seq.*
                                                 )
27                                               )  7) **Civil Penalties Under the Labor Code
                                                 )     Private Attorneys General Act of
                                                 )     2004, California Labor Code §
28                                               )     2699(a), (f) ("PAGA Claims")**
                                                 )
                                                    **DEMAND FOR A JURY TRIAL**

-1-
CLASS ACTION COMPLAINT

1    Plaintiffs, Rose Feaver, Artin Adamian, and Myungsun Shim (collectively "Plaintiffs"),

2  on behalf of themselves and all others similarly situated (the "Class" or "Class Members"), and

3  all others who consent to become party plaintiffs and demanding a jury trial, complain and allege

4  against Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals, Inc. (collectively

5  "Defendants") as follows:

6  **I.      INTRODUCTION**

7         1.      This action is brought by Plaintiffs who were putative class members in a putative

8  class action entitled Henry Jong, et al v. Kaiser Foundation Health Plan, Case No. RG12613328,

9  that was pending in Alameda County Superior Court from December 2012 until September 2014

10 (the "Jong Action").  The Plaintiffs in the Jong Action were Outpatient Pharmacy Managers

11 ("OPMs") at Defendants' outpatient pharmacies.  The Jong Action plaintiffs alleged that due to

12 Defendants' policies and practices, all such OPMs, who were classified by Defendants as hourly

13 employees, worked significant overtime off of the clock.  The plaintiffs in the Jong Action

14 alleged that because Defendants (a) had reclassified its OPM position from salaried to hourly in

15 2009 and (b) nevertheless imposed job duties and responsibilities, as well as budgetary

16 expectations, on the OPMs that required them to work significant amounts of overtime, they

17 were coerced and intimidated into not reporting the overtime they worked.  Defendants claimed

18 throughout the Jong Action that they had no reason to know that OPMs were working off the

19 clock.  The Jong Action was never certified as a class action.

20        2.      As of the filing of the 2012 class action, Defendants were put on notice of the

21 widespread OPM off the clock work that was occurring in all of their California outpatient

22 pharmacies.  Moreover, Defendants took no action to curb the off the clock work being

23 performed throughout California until the conclusion of the Jong Action, at which time

24 Defendants changed their practices and policies in some but not all of their California outpatient

25 pharmacies and (1) ceased their policy of discouraging certain OPMs from reporting their

26 overtime and (2) began compensating some of the OPMs for this spike in reported overtime.

27        3.      Recognizing the overtime worked off the clock as to some OPMs confirms that

28 during and as a result of the Jong Action, Defendants knew or should have known that their

1    OPMs were working substantial amounts of overtime they had not reported.  For example, on

2    October 14, 2013, during the class certification briefing in the Jong Action, the Jong Action

3    Plaintiffs served Defendants with a detailed analysis of emails that were (a) work related (b) sent

4    by their OPMs on the OPMs' work email systems and (c) sent while the OPMs were not clocked

5    in.  Through this analysis, Defendants were put on notice of the fact and amount of off the clock

6    work being done by the OPMs.   Rather than correct the problem, and knowing that any

7    corrective action would serve as an admission of their knowledge, Defendants waited for the

8    Jong Action to conclude before changing any conduct on their part that required overtime work

9    by the OPMs but discouraged the reporting of same.

10          4.       Even as to those OPMs for whom Defendants have changed their policy and now

11   pay all overtime worked, Defendants never made any effort to pay for all of the hours OPMs

12   worked off the clock before the policy change, nor did Defendants undertake any effort to

13   determine what it owed in overtime to the hundreds of OPMs it actually knew had been working

14   extensively off the clock.  This change is an admission that its OPMs were working off the clock,

15   as well as proof that Defendants knew of this fact.  It is unlawful that Defendants would only

16   change their policy as to some OPMs, leaving others in the same position as they were before,

17   coerced to work off the clock or face negative performance reviews for failing to complete all of

18   their work in essentially 40 hours a week.  It is equally unlawful for Defendants to refuse to

19   acknowledge the overtime payments it owes to all OPMs for the time they worked off the clock,

20   despite Defendants' actual knowledge that this work was performed.

21          5.       Defendants are obligated to compensate all of their OPMs for the hours that were

22   worked prior to allowing some overtime by some OPMs, something that Defendants have still

23   refused to do as to any OPMs.  As a result, and in violation of California Law, Defendants have

24   failed to: (i) pay their OPMs appropriate overtime compensation for work in excess of eight (8)

25   hours a day and/or forty (40) hours per week in violation of Labor Code Sections 510, 558, and

26   1194, and the Industrial Welfare Commission orders and applicable laws, rules, orders,

27   requirements, and regulations as well as for all hours worked in violation of the Federal Fair

28   Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; (ii) maintain and furnish records of the

1  hours worked by OPMs in violation of California Labor Code Sections 226 and 1174, and the

2  Industrial Welfare Commission orders and applicable laws, rules, orders, requirements, and

3  regulations; (iii) failed to pay final wages in violation of Labor Code Sections 201 and 202, and

4  the Industrial Welfare Commission orders and applicable laws, rules, orders, requirements, and

5  regulations; and (iv) to comply with the provisions of  California Business and Professions Code

6  Section 17200.

7  **II.      JURISDICTION**

8  6.      The FLSA authorizes private rights of action to recover damages for violations of

9  the FLSA's wage and hour provisions.  29 U.S.C. § 216(b).  This Court has federal question

10  jurisdiction pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the

11  California state law claims because they are so related to this action that they form part of the

12  same case or controversy under Article III of the United States Constitution.

13  7.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. §

14  1391 because Defendants have their principal places of business in Alameda County, and some

15  or all of the actions alleged herein occurred within the Northern District of California.

16  **III.     PARTY ALLEGATIONS**

17  **A.      Plaintiff Rose Feaver**

18  8.      Plaintiff Feaver is an adult resident of California.  Plaintiff Feaver was an OPM

19  throughout the pendency of the Jong Action.  During the Class Period in the present case,

20  Plaintiff Feaver was and still is employed by Defendant Kaiser Foundation Health Plan as an

21  OPM in one of its California outpatient pharmacies.  A true and correct copy of an executed

22  "Consent to Become Party Plaintiff" form is attached hereto as Exhibit A.  Plaintiff will file

23  additional Consent to Become Party Plaintiff forms executed by similarly situated OPMs as they

24  are secured.

25  **B.      Plaintiff Myungsun Shim**

26  9.      Plaintiff Shim is an adult resident of California.  Plaintiff Shim was an OPM

27  throughout the pendency of the Jong Action.   During the Class Period in the present case,

28  Plaintiff Shim was and is employed by Defendant Kaiser Foundation Health Plan as an OPM in

1   one of its California outpatient pharmacies.  A true and correct copy of an executed "Consent to

2   Become Party Plaintiff" form is attached hereto as Exhibit B.  Plaintiff will file additional

3   Consent to Become Party Plaintiff forms executed by similarly situated OPMs as they are

4   secured.

5       **C.**    **Artin Adamian**

6       10.    Plaintiff Adamian is an adult resident of California.  Plaintiff Adamian was an

7   OPM throughout the pendency of the Jong Action.   During the Class Period in the present case,

8   Plaintiff Adamian was employed by Defendant Kaiser Foundation Health Plan as an OPM in one

9   of its California outpatient pharmacies.  Plaintiff Adamian is no longer employed by Defendants.

10  A true and correct copy of an executed "Consent to Become Party Plaintiff" form is attached

11  hereto as Exhibit C.  Plaintiff will file additional Consent to Become Party Plaintiff forms

12  executed by similarly situated OPMs as they are secured

13      **D.**    **Defendants**

14      11.    Defendant Kaiser Foundation Health Plan, Inc. is a corporation organized under

15  the laws of the State of California with its principal place of business located in California.

16      12.    Defendant Kaiser Foundation Hospitals, Inc. is a corporation organized under the

17  laws of the State of California with its principal place of business located in California.

18      13.    Plaintiffs are informed and believe and thereon allege that at all times herein

19  mentioned, the above named Defendants and each of them were acting as express agents, implied

20  agents, ostensible agents, servants, partners, and/or employees of each other.  Plaintiffs are

21  informed and believe that in doing the acts herein alleged the named Defendants and each of

22  them were at all times acting within the scope of and pursuant to such agency and employment,

23  and with the full knowledge, consent, permission, approval and ratification, either express or

24  implied, of each of the other Defendants and benefited from the actions of the other Defendant,

25  thereby adopting such conduct and actions as their own.  Plaintiffs are informed and believe and

26  thereon allege that the Defendants, and each of them, were the alter egos of each other Defendant

27  named herein.  Plaintiffs are informed and believe and thereon allege that the Defendants, and

28  each of them, aided and abetted and offered substantial assistance to the other Defendants in the

CLASS ACTION COMPLAINT

1  commission of the wrongful acts alleged herein.

2  **IV.     COLLECTIVE AND CLASS ALLEGATIONS**

3          14.     Plaintiffs bring the First Cause of Action (for violations of the FLSA) as an "opt-

4  in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of

5  themselves and a proposed collection of similarly situated individuals defined as follows, and

6  hereinafter referred to as the "FLSA Collection":

7          All persons who were employed by Defendants as non-exempt OPMs in the State of

8          California at any time on or after October 4, 2013.

9          15.     Plaintiffs on behalf of themselves and other similarly situated OPMs defined

10 above, seek relief on a collective basis challenging Defendants' policy and practice of failing to

11 pay for all hours worked,  including overtime, and failing to accurately record all hours worked.

12 Named Plaintiffs and the FLSA Collection are similarly situated, have performed substantially

13 similar duties for Defendants, and have been uniformly subjected to Defendants' uniform, class-

14 wide payroll practices, including but not limited to not compensating them for all hours worked

15 and not paying the OPMs for hours Defendants knew or should have known they were working

16 off the clock.  The number and identity of other similarly situated persons yet to opt-in and

17 consent to be Party Plaintiffs may be determined from the records of Defendants, and potential

18 opt-ins may be easily and quickly notified of the pendency of this action.

19         16.     The names and addresses of the individuals who comprise the FLSA Collection

20 are available from Defendants.  Accordingly, Plaintiffs herein pray for an Order requiring

21 Defendants to provide the names and all available locating information for all members of the

22 FLSA Collection, so they can be  notified  of the pendency of this action, and of such

23 individuals' right to opt-into this action as Party Plaintiffs.

24         17.     Plaintiffs bring the Second through Seventh Causes of Action as an "opt-out"

25 class action pursuant to Federal Rule of Civil Procedure Rule 23.  The Class is sufficiently

26 numerous since it is estimated to include hundreds of OPM employees throughout California, the

27 joinder of whom in one action is impracticable, and the disposition of whose claims in a class

28 action will provide substantial benefits to the parties and the Court.

1    **Class Definition:**  Without prejudice to later revisions, the Class that Plaintiffs seek to

2    represent is composed of all persons who were employed by Defendants as non-exempt

3    OPMs in the State of California at any time between October 4, 2013 and certification of

4    a class herein.

5    Excluded from the Class are Defendants, their corporate parents, subsidiaries and affiliates,

6    officers and directors, any entity in which Defendants have a controlling interest, and the legal

7    representatives, successors or assigns of any such excluded persons or entities, and the attorneys

8    for Plaintiff in this action.  Throughout discovery in this litigation, Plaintiffs may find it

9    appropriate and/or necessary to amend the definition of the Class.  Plaintiffs will formally define

10   and designate a class definition when they seek to certify the Class alleged herein.

11       18.    **Ascertainable Class:**  The Class is ascertainable in that each Member can be

12   identified using information contained in Defendants' payroll and personnel records.

13       19.    **Common Questions of Law or Fact Predominate:**  There is a well-defined

14   community of interest in the questions of law and fact affecting the Class.  The questions of law

15   and fact common to the Class predominate over questions that may affect individual Class

16   Members.  These questions of law and fact include, but are not limited to, the following:

17       (a)    Whether Defendants' policy of failing to pay OPMs overtime wages for

18   shifts lasting more than eight (8) hours in duration was unlawful;

19       (b)    Whether Defendants' policies and procedures effectively precluded OPMs

20   from being able to complete their daily tasks during the duration of their scheduled eight (8) hour

21   shift;

22       (c)    Whether OPMs are entitled to additional compensation for instances when

23   they engaged in work related duties while logged off the time keeping system;

24       (d)    Whether Defendants failed to keep accurate records of the OPMs'

25   schedules, hours worked, and hours of pay due and owing to Members of the Class;

26       (e)    Whether Defendants failed to timely furnish the Members of the Class

27   with a statement accurately showing the total hours the employee was entitled to receive for each

28   pay period, including overtime compensation due;

-7-

CLASS ACTION COMPLAINT

1          (f)      Whether Defendants failed to pay overtime wages owed at the time any

2     Class Member's employment ended;

3          (g)      Whether Defendants' were put on notice of off the clock work when their

4     attorneys were served with the Jong Plaintiffs' detailed analysis of the OPMs' off the clock sent

5     emails served on Defendants on October 4, 2013 as a part of the certification proceedings in the

6     Jong Action; and

7          (h)      Whether Defendants' systematic acts and practices violated, *inter alia,*

8     California Labor Code Sections 201, 202, 203, 226, 510, 512, 558, 1174, and 1194, and

9     California Business and Professions Code Section 17200 *et seq.*

10         20.      **Numerosity:**  The Class is so numerous that the individual joinder of all

11    Members is impractical under the circumstances of this case.  While the exact number of

12    Members of the Class is unknown to Plaintiffs at this time, Plaintiffs are informed and believe

13    the Class consists of at least hundreds of persons.  Individual joinder of Members of the Class is

14    also impracticable because the individual Members are disbursed throughout California.

15         21.      **Typicality:**  Plaintiffs' and the Class Members' claims for restitution and

16    damages arise from and were caused by Defendants' wrongful conduct.  Because Plaintiffs were

17    routinely denied overtime wages for hours worked in excess of eight (8) hours, and were

18    habitually required to engage in their work related duties while logged off the time keeping

19    system, and that Defendants knew or should have known about this work as a result of the Jong

20    Action and the evidence provided to Defendants during the course of same, Plaintiffs are

21    asserting claims that are typical of the claims of each Member of the Class.  Plaintiffs are like all

22    other Class Members because Plaintiffs have suffered the same injuries as those suffered by the

23    Class.  Since Plaintiffs' claims and the claims of Class Members all derive from a common

24    nucleus of operative facts, Plaintiffs are asserting claims that are typical of the claims of the

25    entire Class.

26         22.      **Adequacy:**  Plaintiffs will fairly and adequately represent and protect the interests

27    of the Class in that they have no disabling conflicts of interest that would be antagonistic to those

28    of the other Members of the Class.  Plaintiffs seek no relief that is antagonistic or adverse to the

CLASS ACTION COMPLAINT

1  Members of the Class and the infringement of the rights and the damages they have suffered are

2  typical of all other Members of the Class.  Plaintiffs have retained competent counsel,

3  experienced in class action litigation and employment law and intend to prosecute this action

4  vigorously.

5      23.  **Superiority:**  The nature of this action and the nature of laws available to

6  Plaintiffs and the Class make the use of the class action format a particularly efficient and

7  appropriate procedure to afford relief to Plaintiffs and the Class for the wrongs alleged because:

8      (a)  The individual amounts of damages involved, while not insubstantial, are

9  such that individual actions or other individual remedies are impracticable and litigating

10  individual actions would be too costly;

11      (b)  This case involves large corporate employers and a large number of

12  individual employees with many relatively small claims with common issues of law and fact;

13      (c)  If each Class Member were required to file an individual lawsuit, the

14  Defendants would necessarily gain an unconscionable advantage since they would be able to

15  exploit and overwhelm the limited resources of each individual Member of the Class with their

16  vastly superior financial and legal resources;

17      (d)  The costs of individual suits could unreasonably consume the amounts that

18  would be recovered;

19      (e)  Requiring each Member of the Class to pursue an individual remedy

20  would also discourage the assertion of lawful claims by employees who would be disinclined to

21  pursue an action against their present and/or former employer for an appreciable and justifiable

22  fear of retaliation and permanent damage to their immediate and/or future employment;

23      (f)  Proof of a common business practice or factual pattern which Plaintiffs

24  experienced is representative of that experienced by the Class and will establish the right of each

25  of the Members to recover on the causes of action alleged; and

26      (g)  Individual actions would create a risk of inconsistent results and would be

27  unnecessary and duplicative of this litigation.

28  ///

CLASS ACTION COMPLAINT

1  24. Notice to the Members of the Class may be made by first-class mail addressed to

2 all persons who have been individually identified by Defendants through access to Defendants'

3 payroll and personnel records.

4  25. Plaintiffs and the Members of the Class have all similarly suffered irreparable

5 harm and damages as a result of Defendants' unlawful and wrongful conduct.  This action will

6 provide substantial benefits to Plaintiffs, the Class and the public since, absent this action,

7 Plaintiffs and the Members of the Class will continue to suffer losses, thereby allowing

8 Defendants' violations of law to proceed without remedy, and allowing Defendants to retain

9 proceeds of their ill-gotten gains.

10
### FIRST CAUSE OF ACTION
**(Violations of the Fair Labor Standards Act**
11 **By the FLSA Collection)**

12  26. Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

13  27. At all material times, Plaintiff and all similarly situated OPMs who submit

14 Consents to Become Party Plaintiffs are or were employed by and engaged in providing

15 pharmacist services to Defendants, and have been entitled to the rights, protections, and benefits

16 provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

17  28. The FLSA requires, among other things, that employers pay employees the

18 minimum wage for all time worked plus overtime.  29 U.S.C. §§ 206, 207, 215.

19  29. At all material times, off the clock overtime as described above, is necessarily and

20 directly related to the principal activities of the OPMs' duties and thus constitutes compensable

21 time under the FLSA and is subject to the FLSA's overtime requirements.  29 U.S.C. §§ 785.38.

22  30. At all material times, Defendants violated the FLSA by failing to pay OPMs for

23 all compensable work time.

24  31. At all material times, Defendants have violated the FLSA by failing to pay OPMs

25 at one-and-a-half (1.5) times the regular rate of pay for the off the clock work performed when

26 the total hours worked for the week exceeded forty hours.

27  32. Defendants have violated the FLSA by failing to keep required, accurate records

28 of all hours worked by their OPMs.  29 U.S.C. §§ 211(c).

33.     Plaintiffs and all similarly situated employees are victims of a uniform and entity-wide compensation policy.  This uniform policy, in violation of the FLSA, has been applied to all OPMs employed by Defendants.

34.     Plaintiffs and all similarly situated individuals are entitled to damages equal to the mandated pay and overtime premium pay since October 4, 2013, because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

35.     Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA.  Plaintiffs and other similarly situated individuals are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate.  29 U.S.C. § 216(b).

36.     As a result of violations of the FLSA's minimum wage and overtime pay provisions, Defendants have unlawfully withheld compensation from Plaintiffs and all similarly situated individuals.  Defendants are liable for all unpaid compensation, together with an amount equal thereto as liquidated damages, interest, attorneys' fees and costs of this action.  29 U.S.C. §§ 216(b).

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime Compensation**
**(Violation of California Labor Code §510, 558, 1194 and 1197**
**And all Applicable IWC Wage Orders)**

37.     Plaintiffs and the Class hereby incorporate by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

38.     Pursuant to Sections 510, 558, and 1194 of the Labor Code, among other applicable sections, it is unlawful to employ persons for longer than the hours set by the IWC.

39.     During all relevant time periods, Defendants did not compensate Plaintiffs and the Class for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week at 1.5 times their regular rate of pay.

/ / /

-11-

CLASS ACTION COMPLAINT

1      40.     During all relevant time periods, California wage orders, the Labor Code, and

2   applicable laws, rules, orders, requirements and regulations, required Defendants to pay for all

3   hours worked by the Plaintiffs and Class, including compensation at 1.5 times their regular rate

4   of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week.

5      41.     Plaintiffs and the Class are entitled to recover from Defendants their unpaid

6   wages including overtime compensation, liquidated damages arising therefrom, for any hours

7   worked not previously compensated for by the Defendants.  Plaintiffs and the Class are also

8   entitled to penalties for Defendants' distribution of false and inaccurate earnings statements to

9   the Class Members and failure to keep accurate pay and time records as required by law, which

10  proper record maintenance would have made their compensation losses instantly calculable.

11     42.     Despite its own knowledge of the number of hours worked by Plaintiffs and the

12  Class Members necessary to carry out their job duties, Defendants have willfully or negligently

13  refused, and continue to willfully or negligently refuse, to pay Plaintiffs and the Class Members

14  the overtime compensation they are owed.

15     43.     In failing to compensate Plaintiffs and the Plaintiff Class for all hours worked as

16  herein alleged, Defendants acted in violation of applicable law.

17     44.     Plaintiffs and the Class request recovery of overtime compensation according to

18  proof plus penalty wages, interest, attorneys' fees and costs pursuant to Sections 203, 218.5, 510,

19  558, and 1194 of the Labor Code, the relevant California IWC Wage Orders, or any other

20  statutory, regulatory, or common law authority, as well as the assessment of any other statutory

21  penalties against Defendants, in a sum as provided by the California Labor Code and other

22  applicable California statutes and regulations.

23     45.     The pattern, practice and uniform administration of corporate policy regarding

24  illegal employee compensation as described herein in unlawful, and Plaintiffs and the Class are

25  entitled to recover in a civil action for the unpaid balance of the full amount of the overtime

26  premiums owing, including interest thereon, penalties, reasonable attorneys' fees and costs of suit

27  according of the mandate of the Labor Code.

28  / / /

CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**
**Failure to Furnish Timely and Accurate Wage Statements**
**(Violation of California Labor Code § 226)**

46.     Plaintiffs and the Class hereby incorporate by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

47.     Labor Code Section 226(a) requires employers semi-monthly, or at the time of each payment of wages, to furnish each employee with a statement itemizing, inter alia, the total hours of pay owed to the employee at the employee's regular rate of compensation, and hours owed at any applicable overtime rate or other.  Labor Code Section 226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, inter alia, the total hours owed to the employee, then the employee is entitled to recover the greater of all actual damages, or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation up to four thousand dollars ($4000).

48.     Defendants knowingly and intentionally failed to furnish and continue to knowingly and intentionally fail to furnish Plaintiffs and Class Members with accurate itemized statements showing the total hours owed to each of them, as required by Labor Code Section 226(a).  As a result, Defendants are liable to Plaintiffs and Class Members for the amounts provided by Labor Code Section 226.

**FOURTH CAUSE OF ACTION**
**Failure to Pay Final Wages**
**(Violation of California Labor Code § 201 and 202)**

49.     Plaintiffs and the Class hereby incorporate by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

50.     Labor Code Section 201 requires employers to furnish immediately the final wages of an employee who is terminated from employment.

51.     Labor Code Section 202 requires employers to furnish final wages of an employee who quits within 72 hours of the resignation, unless the employee has provided 72 hours notice of his or her intention to quit, in which case the wages are due at the time of quitting.

52.     As to those Class Members (including Plaintiff Adamian) whose employment ended by either termination or resignation during the Class Period, Defendants, and each of

1  them, have failed and refused, and continue to fail and refuse, to provide those Class Members

2  with their final wages, including but not limited to overtime compensation earned while

3  employed by Defendants during the Class Period.

4     53.     Defendants, and each of them, have willfully failed to pay Plaintiffs and the Class

5  all wages due in accordance with Labor Code Sections 201 and 202.

6     54.     As a result of such illegal conduct, Plaintiffs and the Class have suffered damages

7  in an amount to be proven at trial.

8     55.     Pursuant to Labor Code Section 218.5, Plaintiffs and the Class request that the

9  court award reasonable attorney's fees and costs incurred in this action, in addition to such other

10  relief as may be warranted.

11                          **FIFTH CAUSE OF ACTION**
                             **Waiting Time Penalties**
12                      **(Violation of California Labor Code § 203)**

13     56.     Plaintiffs and the Class hereby incorporate by this reference each and every

14  preceding paragraph of this complaint as if fully set forth herein.

15     57.     Defendants' failure to pay wages, as alleged above, was willful in that Plaintiffs

16  and the Class earned all wages that are currently owed and the failure to pay these wages was

17  without justification or excuse.

18     58.     In denying Plaintiffs and the Class payment of the wages, Defendants acted

19  willfully, wantonly and intentionally.  Defendants were aware of their obligation to compensate

20  Class Members for all hours worked and appropriate overtime compensation.  Defendants knew

21  of the uncompensated work done by Class Members but failed to pay for it.  As such,

22  Defendants' actions in not paying Class Members their full wages upon discharge or quitting

23  owed is entirely in bad faith and warrants waiting time penalties.

24     59.     Pursuant to the provisions of Labor Code Section 203 and any other applicable

25  statute or doctrine, those Members of the Class no longer employed by Defendants are entitled to

26  a waiting time penalty equal to not less than 30 days' wages in an amount to be proven at trial.

27  / / /

28  / / /

CLASS ACTION COMPLAINT

1

**SIXTH CAUSE OF ACTION**
**Unlawful and Unfair Business Acts and Practices**
**(Violation of California Business & Professions Code § 17200, *et seq.*)**

2

3       60.     Plaintiffs and the Class hereby incorporate by this reference each and every

4   preceding paragraph of this complaint as if fully set forth herein.

5       61.     The acts, omissions, and practices of Defendants as alleged herein constituted

6   unlawful and unfair business acts and practices within the meaning of Section 17200, *et seq.* of

7   the California Business & Professions Code.  Plaintiffs have standing to bring this action under

8   California Business & Professions Code Section 17200 because they have suffered injury in fact

9   and have lost money because of the Defendants' conduct.

10       62.     Defendants have engaged in "unlawful" business acts and practices by their

11   nonpayment of overtime wages in violation of the statutes and regulations, referenced herein

12   above, including California Labor Code § 201-203, 226, 226.7, 510, 558, 1174, and 1194;

13   Business & Professions Code § 17200 *et seq.*; and all applicable IWC Wage Orders.

14       63.     Plaintiffs reserve the right to allege other violations of law which constitute

15   unlawful acts or practices.

16       64.     Defendants, and each of them, aided, abetted, encouraged and rendered

17   substantial assistance to the other defendants in carrying out the aforementioned unlawful and

18   unfair business acts and practices conducted by Defendants.

19       65.     As a result of the conduct described above, Defendants have been and will be

20   unjustly enriched at the expense of Plaintiffs and the Class.  Specifically, Defendants have been

21   unjustly enriched by the retention of millions of dollars in wages earned and wrongfully withheld

22   from Plaintiffs and the Class.

23       66.     The aforementioned unlawful business acts or practices conducted by Defendants

24   have been committed in the past and continue to this day.  Defendants have failed to

25   acknowledge the wrongful nature of their actions.  Defendants have not corrected or publicly

26   issued individual and comprehensive corrective notices to Plaintiffs and the Class or provided

27   full restitution and disgorgement of all ill-gotten monies either acquired or retained by

28   Defendants as a result thereof, thereby depriving Plaintiffs and the Class the minimum working

CLASS ACTION COMPLAINT

1    conditions and standards due them under California Labor Laws, and IWC Wage Orders.

2         67.     Pursuant to the Business & Professions Code Section 17203, Plaintiffs and the

3    Class seek an order of this Court requiring Defendants to disgorge all ill-gotten gains and

4    awarding Plaintiffs and the Class full restitution of all monies wrongfully acquired by

5    Defendants by means of such "unlawful" conduct, plus interest and attorney's fees pursuant to,

6    *inter alia,* Code of Civil Procedure Section 1021.5, so as to restore any and all monies to

7    Plaintiffs and the Class which were acquired and obtained by means of such "unlawful" conduct,

8    and which ill-gotten gains are still retained by Defendants.

9         68.     Pursuant to Business & Professions Code Section 17203, Plaintiffs and the Class

10    seek an order of this Court for equitable and/or injunctive relief in the form of requiring

11    Defendants to keep accurate records of time worked, and to insure the payment of earned

12    overtime, and to ensure future employees are provided pay for all hours worked as mandated by

13    law.

**SEVENTH CAUSE OF ACTION**
**PAGA Claims**
**(Cal. Labor Code § 2699(a), (f))**

16         69.     Plaintiffs incorporate by reference the above paragraphs as if fully set forth

17    herein.

18         70.     Under the Labor Code Private Attorney General Act of 2004 (PAGA),

19    "[n]otwithstanding any other provision of law, any provision of this code that provides for a civil

20    penalty to be assessed and collected by the Labor and Workforce Development Agency or any of

21    its departments, divisions, commissions, boards, agencies, or employees, for a violation of this

22    code, may, as an alternative, be recovered through a civil action brought by an aggrieved

23    employee on behalf of himself or herself or herself and other current or former employees

24    pursuant to the procedures specified in Section 2699.3." California Labor Code § 2699(a).

25         71.     PAGA also provides: "For all provisions of this code except those for which a

26    civil penalty is specifically provided, there is established a civil penalty for a violation of these

27    provisions as follows: (1) If, at the time of the alleged violation, the person does not employ one

28    or more employees, the civil penalty is five hundred dollars ($500). (2) If, at the time of the

CLASS ACTION COMPLAINT

1   alleged violation, the person employs one or more employees, the civil penalty is one hundred

2   dollars ($100) for each aggrieved employee per pay period for the initial violation and two

3   hundred dollars ($200) for each aggrieved employee per pay period for each subsequent

4   violation." California Labor Code § 2699(f)(1)-(2).

5      72.   Plaintiffs bring this action under PAGA individually and as a representative suit

6   on behalf of all current and former employees pursuant to the procedures in California Labor

7   Code § 2699.3 or in the alternative as a class action as alleged above.

8      73.   Plaintiffs have satisfied the pre-filing notice and exhaustion of administrative

9   remedies requirement under Labor Code section 2699.3(a).

10     74.   As alleged above, Defendants have violated several provisions of the California

11   Labor Code, including but not limited to Labor Code §§ 1194, 1197, 1198, and 1199, for which

12   Plaintiffs seek recovery of civil penalties under Labor Code §§ 2698 and 2699(f).

13     75.   WHEREFORE, Plaintiffs seek penalties and interest as allowed by law, costs of

14   suit, and any further relief that the Court deems appropriate.

15   **VII.   <u>PRAYER FOR RELIEF</u>**

16     WHEREFORE, Plaintiffs, on behalf of themselves, and all present and former similarly

17   situated Class Members, and on behalf of the general public, request the following relief:

18     A.   For an order certifying that the First Cause of Action of this Complaint may be

19   maintained as a collective action pursuant to 29 U.S.C. § 216(b) and requiring that Defendants

20   identify all members of the FLSA Collection and to provide all locating information for members

21   of the FLSA Collection, and to provide notice to all members of the FLSA Collection apprising

22   them of the pendency of this action and their opportunity to file Consents to Become Party

23   Plaintiff thereto.

24     B.   That the Court determine that this action may be maintained as a class action

25   under Federal Rule of Civil Procedure Rule 23;

26     C.   That the Court find that Defendants have violated the overtime provisions of

27   Labor Code Section 1194, and all applicable IWC Wage Orders as to the Plaintiffs and the Class;

28   / / /

-17-

CLASS ACTION COMPLAINT

1        D.      That the Court find that Defendants have violated the record-keeping provisions

2   of Labor Code Section 1174(d), and all applicable IWC Wage Orders as to Plaintiff and the

3   Class;

4        E.      That the Court find that Defendants have violated Labor Code Section 226 by

5   failing to record, keep and timely furnish Plaintiffs and Class itemized statements accurately

6   showing the total hours worked by each of them;

7        F.      That the Court find that Defendants have violated Labor Code Section 201, 202,

8   and 203 for willful failure to pay all compensation owed at the time of termination of

9   employment to Plaintiffs and the Class;

10       G.      That the Court find that Defendants have violated Business and Professions Code

11  § 17200 *et seq.* by failing to pay overtime compensation, waiting period penalties, and by failing

12  to timely furnish employees with statements accurately showing total hours worked;

13       H.      That the Court find that Defendants' violations as described above are found to

14  have been willful;

15       I.      That the Court award Plaintiffs and the Class damages for the amount of unpaid

16  overtime, including interest thereon, damages for failure to timely furnish statements accurately

17  showing total hours worked, and penalties subject to proof at trial;

18       J.      That Defendants be ordered to pay restitution to Plaintiffs and the Class due to

19  Defendants' unlawful activities, pursuant to Business and Professions Code § 17200-05;

20       K.      That Defendants further be enjoined to cease and desist from unlawful activities

21  in violation of Business and Professions Code § 17200 *et seq.*;

22       L.      That Plaintiffs and the Class be awarded reasonable attorney's fees and costs

23  pursuant to Labor Code Sections 218.5, 226 and 1194, Code of Civil Procedure Section 1021.5,

24  and/or other applicable law; and

25       M.      That the Court award such other and further relief as this Court may deem

26  appropriate.

27  / / /

28  / / /

-18-

CLASS ACTION COMPLAINT

DATED:  February 26, 2015

**KEARNEY LITTLEFIELD, LLP**

**STONEBARGER LAW, APC**

By:  */s/* Gene J. Stonebarger
        Gene J. Stonebarger
        Attorneys for the Plaintiffs and the Class

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

DATED:  February 26, 2015

**KEARNEY LITTLEFIELD, LLP**

**STONEBARGER LAW, APC**

By:  */s/* Gene J. Stonebarger
        Gene J. Stonebarger
        Attorneys for the Plaintiffs and the Class

-19-
CLASS ACTION COMPLAINT